UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| GAL ORON | } | Case No. |
|    PLAINTIFF | } | |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | Fla. Stat. § 559.55, et seq. |
| AFFILIATE ASSET SOLUTIONS, LLC | } | |
|    DEFENDANT | } | **JURY TRIAL REQUESTED** |
| _____/ | | |

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

1. Plaintiff GAL ORON, through his attorney, brings this action to challenge the actions of Defendant AFFILIATE ASSET SOLUTIONS, LLC, for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors like the ones described in this complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors. To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-

559.785 ("FCCPA").  The FCCPA was designed to protect consumers from harassment like the type described within this complaint, and to protect consumers like Plaintiff.  "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail."  *Id.* at § 559.552.

4. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

5.  This action partially arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S. Code § 1692k, and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Because Defendant conducts business in the State of Florida by repeatedly calling Florida residents while attempting to collect upon consumer debts, personal jurisdiction is established.

7.  Because all tortious conduct occurred while Plaintiff resided in the City of Weston, County of Broward, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

8.  Plaintiff is a natural person.

9.  Defendant is a "debt collector" as such term is described by the FDCPA, 15 U.S.C. § 1692a(6) and the FCCPA, Fla. Stat. § 559.55(7) because Defendant used instrumentalities of commerce within this state, the principal purpose of which is the collection of debts.  Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA, 15 U.S.C. § 1692a(5) and the FCCPA, Fla. Stat. § 559.55(6) because he was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

11. Plaintiff is a "debtor" and a "consumer" as those terms are described by the FDCPA, 15 U.S.C. § 1692a(3) and the FCCPA, Fla. Stat. § 559.55(8) because he was allegedly obligated to pay a debt.

12. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Florida, and therefore is and was a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is, and at all times mentioned herein was, a corporation and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

14. On or around December 25, 2012, Plaintiff was hospitalized and incurred an account balance for payment for services received.

15. Between December 25, 2012 and February 21, 2014, Plaintiff made payments towards the account balance described in paragraph 14, above.

16. On February 21, 2014, Plaintiff made the final payment towards the account described in paragraph 14, above, bringing his total money owed to "$0.00"

17. Plaintiff possesses a "paid-in-full" letter containing the dates of his payments made towards the account described in paragraph 14, above, and indicating his "$0.00" balance as described in paragraph 16, above.

18. On or nearly after January 6, 2016, Plaintiff received a letter, dated January 6, 2016, from Defendant, attempting to collect upon a debt allegedly owed for services rendered during the December 25, 2012 hospital visit described in paragraph 14, above.  This letter claims the owner of the alleged debt is "Pendrick Capital Partners II" and claims that the amount of the alleged debt is $1,362.00.

## FIRST CLAIM FOR RELIEF

**Violation of the FDCPA, 15 U.S.C. § 1692, et seq.**

19. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-18, as if fully set forth herein.

20.  By attempting to collect upon a debt that Plaintiff does not actually owe, Defendant has engaged in an unfair or unconscionable means to collect or attempt to collect upon a debt, by attempting to collect upon an amount of debt that was not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of the FDCPA, 15 U.S.C. § 1692f.

21. By attempting to collect upon a debt that Plaintiff does not actually owe, Defendant has used false, deceptive, or misleading representation in connection with the collection of a debt, by falsely representing the character, amount, and legal status of a debt, in violation of the FDCPA, 15 U.S.C. § 1692e.

22. The FDCPA provides for actual damages sustained as a result of violation of the statute, 15 U.S.C. § 1692k(a)(1).

23. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

24. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

25. 15 U.S.C. § 1692k(a)(1) entitles Plaintiff to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692f, and Plaintiff is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(1) entitles Plaintiff to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692e, and Plaintiff is so entitled.

26. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692f, and Plaintiff is so entitled. Additionally or alternatively, 15 U.S.C. § 1692k(a)(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692e, and Plaintiff is so entitled.

27. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(a) Statutory damages in the amount of $1,000.00;

(b) Reasonable attorney's fees and costs;

(c) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

**Violation of the FCCPA, Fla. Stat. § 559.55, et seq.**

28. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-18, as if fully set forth herein.

29. By attempting to collect upon a debt that Plaintiff does not actually owe, and with the knowledge that such a debt is not legitimate, Defendant, in the course of collecting upon a consumer debt, claimed, attempted to enforce, or threatened to enforce a debt when Defendant knew the debt was not legitimate, in violation of the FCCPA, Fla. Stat. § 559.72(9).

30. The FCCPA provides for actual damages for violation of the statute, Fla. Stat. § 559.77(2).

31. The FCCPA provides for statutory damages of $1,000.00 for violation of the statute, *Id.*

32. The FCCPA provides for reasonable attorney's fees and costs in any successful action, *Id.*

33. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part. *Id.*

34. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72(9), and Plaintiff is so entitled

35. Fla. Stat. § 559.77(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72(9), and Plaintiff is so entitled.

36. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

Respectfully submitted this 13th day of February, 2016,

By Plaintiffs' attorney: /s/ Nicholas Michael Murado_____

Nicholas Michael Murado

Florida Bar # 102769

Murado Law, P.A.

2010 S.W. 99th Avenue

Miramar, Florida, 33025

Telephone: 754-816-2196

E-mail: muradolaw@gmail.com